**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MOHAMED KARIMINE,**

                **Plaintiff,**

**-vs-**                                             **Case No.  6:07-cv-108-Orl-31KRS**

**UNITED STATES CITIZENSHIP AND**
**IMMIGRATION SERVICES,**

                **Defendant.**

_____

# ORDER

This matter comes before the court on the Motion to Remand (Doc. 13) filed by the Defendant, United States Citizenship and Immigration Services ("USCIS"). Plaintiff, Mohamed Karimine ("Karimine"), has failed to file a timely response.

**I. Background**

Karimine has been a permanent lawful resident of the United States since February 1, 1994. (Doc. 13 at 1). Karimine applied for naturalization on March 19, 2004 and was interviewed by the Bureau of Citizenship and Immigration Services on June 22, 2005. (Doc. 13 at 1). Karimine has passed all the necessary tests and all that remains before the USCIS may make a determination regarding his application is the result of the mandatory FBI background check. (Doc. 13 at 1). Karimine and other who have made inquiries to the USCIS office regarding the status of his application have been told that the results of the FBI background check are still pending. (Doc. 1 at 2).

On January 23, 2007, Karimine filed a complaint to have this Court assume jurisdiction over the pending application for naturalization, stating that his intent was "to expedite this prolonged 'name check' and be granted citizenship." (Doc. 1 at 2). In response, on March 27, 2007 the USCIS requested that the FBI expedite Karimine's background check. (Doc. 13 at 1-2). The FBI has yet to deliver the results of the name check. (Doc. 13 at 1). USCIS now seeks to have the matter remanded so that it may adjudicate Karimine's application. (Doc. 13 at 1).

## II. Standard of Review

Congress has limited the Court's jurisdiction regarding the naturalization process. The sole authority to naturalize persons as citizens of the United States is conferred upon the Attorney General. 8 U.S.C. § 1421(a). Additionally, deference to the decisions of the Executive Branch is "especially important in the immigration context where officials 'exercise especially sensitive political functions that implicate questions of foreign relations.'" *INS v. Aguirre-Aguirre*, 526 U.S. 415, 419 (1999) (quoting *INS v. Abudu*, 485 U.S. 94, 110 (1988)).

However, there is an exception to the Court's limited jurisdiction regarding the naturalization process. Under 8 U.S.C. § 1447(b), if USCIS fails to make a determination on an application for naturalization within 120 days after the initial interview, the applicant may apply to the United States District Court for a hearing on the matter. *See, e.g., Hussein v. Gonzales*, 474 F.Supp.2d 1265, 1267 (M.D. Fla. 2007) (holding that applicant's interview triggers the 120-day determination period). The district court may either determine the matter itself or remand the matter to the USCIS "with appropriate instructions". 8 U.S.C. § 1447(b).

A court "should remand a case to an agency for decision of a matter that statutes place primarily in agency hands." *INS v. Ventura*, 537 U.S. 12, 16 (2002). This practice is strongly

adhered to in the immigration context.  *See id.* at 16-17.  The majority of courts that have faced this issue have elected to remand the application, rather than deciding it without waiting for the results of the FBI background check.  *See, e.g., Hussein*, 474 F.Supp.2d at 1268-1269; *Hernandez v. Gonzales*, No. 07-200994-CIV, 2007 WL 1879906, at *1 (S.D. Fla.  June 28, 2007); *Odeh v. Chertoff*, No. 6:06-cv-367-Orl-19KRS, slip op. at 4-5 (M.D. Fla. Sept. 14, 2006); *El-Daour v. Chertoff*, 417 F.Supp.2d 679, 683-84 (W.D. Pa. 2005).  Courts recognize that they are not equipped to conduct the background check or determine whether the applicant poses a risk to national security or public safety.  *See Hussein*, 474 F.Supp.2d at 1269; *see also El-Daour*, 417 F.Supp.2d at 684.  Other courts have recognized that the USCIS is better suited to interpret the results of the background check and make a determination on the application.  *Manzoor v. Chertoff*, 472 F.Supp.2d 801, 808 (E.D. Va. 2007).

### III. Legal Analysis

This Court sympathizes with Karimine and the delay that he has had to endure.  However, this Court agrees with the majority of the courts that have addressed this issue that a determination on the application should not be made without the necessary background check and that the FBI is the proper authority to conduct such a check.  Furthermore, the USCIS is the proper authority to interpret the results of the background check as part of the overall determination of Karimine's application.

In addition, because neither the FBI nor someone with supervisory capacity over the FBI is a party to the instant action, the Court is without power to order the FBI to expedite the

background check.[1]  *Compare Hussein*, 474 F.Supp.2d at 1269 (ordering the FBI to "promptly complete" background check in a case where the plaintiff had sued both the FBI and USCIS). Therefore, the Court will remand this matter to the USCIS for completion of the mandatory background check and a determination regarding Karimine's application for naturalization.

**IV. Conclusion**

Based on the foregoing, it is hereby **ORDERED** and **ADJUDGED** that the Defendant's Motion to Remand (Doc. 13) is **GRANTED**, and the instant matter is **REMANDED** to USCIS, which is instructed to adjudicate Karimine's petition expeditiously upon completion of the FBI's background check.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 11, 2007.

                                                                                  GREGORY A. PRESNELL
                                                                                  UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[1] Congress has prohibited the USCIS from rendering a decision on Karimine's application until it receives confirmation from the FBI that a full criminal background check has been completed. *See* 8 C.F.R. § 335.1; *see also* Pub.L. 105-119, Tit. 1, Nov. 26, 1997, 111 Stat. 2448. Furthermore, the USCIS has no authority to order the FBI to expedite or complete the name check process. *See Al Saidi v. Jenifer*, 2005 U.S. Dist. LEXIS 35466, at *11 (S.D. Mich. Dec. 23, 2005).